**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RIZZA JANE GUANAO AGANAN et al., | : | |
| | : | |
| Petitioners, | : | Civ. No. 23-21410 (JKS) (JBC) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| ORLANDO RODRIGUEZ, et al., | : | |
| | : | |
| Respondents. | : | |

**SEMPER, District Judge**

On May 15, 2020, plaintiff Hector García Mendoza and others, former immigration detainees at the Elizabeth Detention Center ("EDC") in Elizabeth, New Jersey, filed a hybrid petition for writ of habeas corpus and complaint pursuant to 42 U.S.C. § 1983, challenging their confinement at EDC during the COVID-19 pandemic. *Aganan v. Rodriguez*, No. 20-5922 (D.N.J.), DE 1. On May 29, 2020, García Mendoza and his co-petitioners/plaintiffs filed an amended petition and complaint. *Id.*, DE 34. On October 16, 2023, Judge Salas directed the Clerk of the Court to sever the amended complaint from the amended petition, resulting in the docketing of this matter, Civ. No. 23-21410. DE 1.

On December 15, 2023, defendants moved to dismiss the amended complaint. DE 3. The matter was reassigned to the undersigned on January 17, 2024. On February 22, 2024, García Mendoza's co-plaintiffs voluntarily dismissed the case. DE 11. On that same date, García Mendoza's counsel[1] sought an extension of time within which to respond to defendants' motion

---

[1] García Mendoza is represented by Faegre Drinker Biddle & Reath LLP, American Friends Services Committee ("AFSC"), and NYU Immigrant Rights Clinic ("NYU IRC"). *See* DE 13 at 1 n.1.

to dismiss on behalf of García Mendoza because they had been unable to reach him to ascertain how he wanted to proceed. DE 10. The Court granted counsel additional time to respond. DE 12.

On March 15, 2024, García Mendoza's counsel moved pursuant to Local Civil Rule 102.1 to withdraw from representing him because they had been "unable to reach him to determine whether he desires to continue prosecuting this matter." DE 13 at 1. Counsel asserts that García Mendoza is a citizen of Mexico; he lived in the United States for approximately ten years before he was detained in EDC in March 2020; and he was deported in May 2020. DE 13 at 3 n.2. & 5 ¶ 27. Counsel further asserts that members of Plaintiff's legal team at NYU IRC and/or AFSC were in sporadic contact with him between February 3, 2021, and April 7, 2021 (*id.* at 6 ¶¶ 28–29); counsel have not been able to reach him since April 7, 2021, despite AFSC's attempts to reach him either directly or indirectly through family after defendants filed their motion to dismiss the amended complaint (*id.* ¶¶ 30–31); AFSC learned the phone number previously assigned to García Mendoza now belongs to someone else (*id.* ¶ 32); García Mendoza reached out to a cousin using a friend's phone and, at AFSC's request, the cousin called the friend to try to contact García Mendoza to ask him to get in touch with his counsel, however the friend did not answer the call (*id.* ¶¶ 34–35); and García Mendoza has made no attempt to contact his counsel since April 2021 (*id.* ¶ 36).

Counsel argues in support of their motion, *inter alia*, that (1) good cause exists for their withdrawal because they have been unable to communicate with García Mendoza since April 2021; and (2) García Mendoza will not suffer prejudice because (a) he is no longer detained in EDC nor, to counsel's knowledge, located in the U.S., and (b) he has not responded to efforts to reach him, nor has he attempted to contact counsel since April 2021. DE 13 at 7–8 ¶¶ 40–41.[2]

---

[2] Defendants do not oppose the motion to withdraw. Instead, they respond that the Court should grant their motion to dismiss because (1) García Mendoza is currently represented by counsel and (2)

Pursuant to Local Civil Rule 102.1, unless other counsel is substituted, withdrawal of counsel requires leave of court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). "Permission to withdraw is entirely within the discretion of the court." *Shah v. Am. Airlines, Inc.*, No. 17-6298, 2022 WL 2341580, at *2 (D.N.J. June 29, 2022). In deciding whether to permit withdrawal, courts in this district consider: (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of a case. *Green Star Energy Sols., LLC v. Edison Properties, LLC*, No. 21-18267, 2024 WL 415478, at *2–4 (D.N.J. Feb. 2, 2024); *Shah*, 2022 WL 2341580, at *2. "Additionally, RPC 1.16(b)(1)–(6) set forth criteria that, if met, would be grounds for withdrawal." *See Jumpp v. Jerkins*, No. 08-6268, 2009 WL 10741685, at *1 (D.N.J. Dec. 4, 2009). As relevant here, RPC 1.16(b)(6)

---

"[c]ounsel did not respond to or otherwise oppose Defendants' motion to dismiss." DE 14, at 1–2; *see also id.* at 1 ("Counsel did not respond to or otherwise oppose Defendants' motion to dismiss. For that reason, the Court should grant the motion and dismiss the complaint."), 6 ("Given the lack of any opposition to Defendants' motion to dismiss, the Court should grant the motion and dismiss this case"). Defendants also assert that, "while [they] have not sought dismissal under Federal Rule of Civil Procedure 41(b) for [García Mendoza's] failure to prosecute this case, the Court has inherent authority to *sua sponte* dismiss this case for that additional ground." *Id.* at 6 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Defendants further advise that they "do not have any contact information for Mr. Garc[í]a in Mexico." *Id.* at 4 n.2; *see also* DE 14-1 (March 21, 2024 Declaration of Marlene Belluardo, U.S. Immigration and Customs Enforcement ("ICE") Assistant Field Office Director: "At this time, ICE does not have any current information regarding GARC[Í]A's whereabouts in Mexico.").

The Court will not now address defendants' motion to dismiss. Counsels' inability to consult with García Mendoza has rendered them unable to determine how García Mendoza would like to proceed in response to the motion, including whether he "desires to continue prosecuting this matter" at all. DE 13 at 1 ¶ 1; *see also id.* at 2 ¶¶ 8–9 ("As it has been several years since they were detained at EDC, and as the global pandemic thankfully subsided some time ago, Mr. García Mendoza's five co-plaintiffs have chosen to voluntarily dismiss their claims without prejudice. Absent direction from Mr. García Mendoza, however, Plaintiff's Counsel cannot confirm that he would do likewise."); DE 10 at 1 ("Despite numerous attempts, we have not been able to reach the sixth plaintiff, Hector Garcia Mendoza, to ascertain how he would like us to respond to the motion, if at all."). As explained in further detail herein, the Court will instead terminate the motion, subject to reinstatement if García Mendoza responds to this Memorandum and Order within the time allotted.

3

provides that a lawyer may withdraw if the representation "has been rendered unreasonably difficult by the client."

After evaluating the relevant factors, the Court finds that good cause exists for granting García Mendoza's counsel's motion to withdraw. Counsel has been unsuccessful in contacting García Mendoza since April 7, 2021. DE 13 at 7 ¶ 40. It appears García Mendoza has failed to provide counsel with his current contact information or made efforts to communicate with them. *Id.* at 6 ¶ 32 (counsel "received a text from the phone number previously assigned to Mr. García Mendoza saying the number now belongs to someone else"), 7 ¶ 36 ("García Mendoza has not attempted to contact . . . [c]ounsel"). The failure to communicate and provide updated contact information renders counsel's representation "unreasonably difficult." RPC 1.16(b)(6). Indeed, without communication with their client, counsel cannot determine whether García Mendoza would like to continue to prosecute this case or whether, like his former co-plaintiffs, he would choose to voluntarily dismiss his claims without prejudice. *See* DE 13 at 2 ¶¶ 8–9. Thus, the Court finds, as other courts in this district have found, that there is good cause for withdrawal where, as here, counsel has been unable to contact their client.[3]

_____

[3] *See, e.g.*, *First Franklin Fin. Corp. v. Rainbow Mortg. Corp.*, No. 07-5440, 2008 WL 11381896, at *2 (D.N.J. Oct. 24, 2008) (good cause to withdraw as counsel exists where a lawyer is unable to contact his clients and the clients fail to fulfill the obligation to cooperate and assist in their defense); *First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc.*, No. 07-5440, 2008 WL 11381896, at *2 (D.N.J. Oct. 24, 2008) ("The Court finds, however, that the reasons proffered by counsel in the supplemental certification constitute good cause for withdrawal from representing Rainbow Mortgage in this action. Counsel for Rainbow Mortgage represents that the firm has been unable to contact its client via telephone and that the business entity has not been open during business hours."); *Gregg v. GI Apparel, Inc.*, No. CV 06-2367, 2008 WL 11510409, at *1 (D.N.J. July 15, 2008) (granting motion to withdraw on the basis that, *inter alia*, "the lack of Defendant's cooperation and communication [with counsel] has severely disabled its relationship with counsel"); *Ramada Worldwide Inc. v. NPR Hospitality Inc.*, No. 06-4966, 2008 WL 163641, at *2 (D.N.J. Jan. 16, 2008) ("breakdown" in attorney-client relationship due to inability to contact clients and clients' failure to fulfill obligations to cooperate and assist in their defense constituted good cause for withdrawal of counsel).

The Court further finds that, at this early stage of the litigation, allowing withdrawal would not unduly prejudice the defendants or harm the administration of justice, and will not significantly delay the resolution of this matter. García Mendoza is the sole remaining plaintiff; defendants, who have not opposed the motion or argued prejudice, have only recently moved to dismiss the amended complaint; and discovery has not yet commenced.[4] Moreover, the Court will not allow this matter to languish. As explained below, García Mendoza will be required to provide the Court with updated contact information within 30 days or face dismissal of the case for failure to prosecute.

Accordingly, the Court will (1) grant the motion to withdraw, (2) give García Mendoza an opportunity to provide the Court with his current address so he may continue to prosecute this case if he so chooses, (3) terminate defendants' motion to dismiss without prejudice, and (4) administratively terminate this matter.[5] If García Mendoza contacts the Court within 30 days and provides his current address, the Court will reopen this matter and reinstate defendants' motion

---

[4] *See*, *e.g.*, *First Franklin Fin. Corp.*, 2008 WL 11381896, at *2 ("The Court also concludes that granting the motion to withdraw will not delay the resolution of this case. The Court has neither entered a Final Pretrial Order nor set a trial date. Further, the Court notes that no party has asserted prejudice resulting from counsel's withdrawal."); *Miles v. Twp. of Barnegat*, No. 05-1661, 2007 WL 9809167, at *1 (D.N.J. Mar. 29, 2007) (granting motion to withdraw where: "although this matter is two years old, the parties have not conducted a great deal of discovery as the various Defendants have only recently filed Answers or Motions to Dismiss in lieu of answer"; "therefore . . . Counsel's withdrawal will not cause great prejudice to the litigants" or "harm the administration of justice"; and "allowing withdrawal at this point, during the infancy of this matter, will not significantly delay the resolution of this matter").

[5] García Mendoza is informed that administrative termination is not a "dismissal," and that the Court retains jurisdiction. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals). "Dismissals end all proceedings, at which time the district court relinquishes any jurisdiction over the matter. By contrast, administrative closings do not end the proceeding." *Id.* (citations omitted). Rather, they are a practical tool used by courts to "prune . . . overgrown dockets" and are "particularly useful in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time.'" *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted); *see also Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication.").

to dismiss. García Mendoza is advised that pursuant to Local Civil Rule 10.1,[6] he must notify the Court of any change in his address throughout the duration of the case. García Mendoza is further advised that, if he fails to provide the Court with his current address within the time allotted by this Memorandum and Order, this matter will be dismissed without prejudice for failure to prosecute.

Therefore, **IT IS** this **11th** day of June, 2024,

**ORDERED** that the motion to withdraw (DE 13) is **GRANTED** and Faegre Drinker Biddle & Reath LLP, American Friends Services Committee, and NYU Immigrant Rights Clinic are hereby withdrawn as counsel for plaintiff Hector García Mendoza; and it is further

**ORDERED** that defendants' motion to dismiss the amended complaint (DE 3) is **TERMINATED** without prejudice to reinstatement; and it is further

**ORDERED** that this matter is **ADMINISTRATIVELY TERMINATED**; and it is finally

**ORDERED** that the Court will reopen this matter and reinstate defendants' motion to dismiss if García Mendoza provides his current address within 30 days of the date of this Memorandum and Order; if García Mendoza fails to provide the Court with his current address within the time allotted, this matter will be dismissed without prejudice for failure to prosecute.

_____
**JAMEL K. SEMPER, U.S.D.J.**

---

[6] Rule 10.1 provides: "[U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court.")